**FILED**
November 18, 2024 04:10 PM
SX-2020-CV-00738
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

ERMUDEZ,

Plaintiff,

v.

WORLD FRESH MARKET, LLC d/b/a
PUEBLO SUPERMARKET,

Defendant.

CIVIL NO. SX-2020-CV-00738

**ACTION FOR DAMAGES**

**Cite as 2024-VI SUPER 50**

## MEMORANDUM OPINION AND ORDER

¶1  **THIS MATTER** is before the Court on Defendant, World Fresh Market, LLC. d/b/a Pueblo Supermarket's (referred to herein as "WFM" and "Defendant"), Motion and Incorporated Memorandum to Disqualify and for Preliminary and Permanent Injunction, Plaintiff's Opposition and Defendant's Reply to the Opposition.  The issue raised by the filings is whether Attorney Lee Rohn ("Rohn") and her firm, Law Offices of Lee J. Rohn & Associates, LLC, ("Rohn & Associates") are disqualified from representing the Plaintiff, Eva Bermudez (herein referred to as "Bermudez" and "Plaintiff") in this matter.  Upon consideration of the arguments of the parties, the Court finds that Rohn and Rohn & Associates did not violate the ethical rules when it represented Yohana Manning, a former attorney of WFM, in an unrelated matter, and therefore, are not disqualified from representing Bermudez in this matter.

## BACKGROUND

¶2  Between 2021 and 2022, Attorney Yohana Manning ("Manning") represented WFM in at least two matters: a matter with the United States Department of Labor and a breach of contract matter alleging that a social media company failed to provide certain services to WFM.  WFM states that Manning was primarily responsible for dealing with discovery and communicating with the attorneys, co-counsel, and WFM.  As a result of those engagements, Manning had access to confidential information of WFM including payroll, hiring, firing practices, financial matters,

details on the operations of WFM, and internal high-level management and ownership decision making.

¶3    Shortly after ending his representation of WFM, Manning hired Rohn to represent him in a property dispute against B. Tuckey Devlin, and the Devlin Family, LLP (collectively ("Delvin"). The Manning-Devlin dispute revolved around their business partnership in which WFM was not involved. Rohn's representation of Manning began in December 2022. Devlin was represented by Attorney Michael L. Sheasley ("Sheasley"), the current counsel for WFM. Sheasley had also worked with Manning when they both represented WFM. As a part of the Manning representation, Rohn attended mediation with Manning, at which Sheasley represented Devlin. Manning and Devlin eventually resolved their matter without the involvement of counsel in June 2023.

¶4    Sheasley wrote to Rohn expressing concern that Rohn was representing Manning, a former attorney of WFM, and gave notice that he felt it was a conflict. Months went by with the parties discussing the conflict issue. During this time, Rohn's representation of Manning was limited to an unsuccessful mediation attempt. Rohn claims the representation lasted a few months and that she was unaware of the Manning-WFM relationship before representing Manning. Rohn further claims that she obtained no confidential information from Manning since the matter in which she represented Manning did not involve WFM.

¶5    WFM seeks to disqualify Rohn for the following reasons: 1) an attorney cannot join with other co-plaintiffs in a controversy against a former client;[1] 2) there exists attorney-client privilege between Manning and WFM that would presumably be violated by Rohn and Manning's

---

[1] *Murphy v. Simmons*, No. 06-1535, 2008 WL 65174, at *7 (D.N.J. 2008) ("[S]everal courts in [the Third] Circuit have held that an attorney should not be able to join with other co-plaintiffs in a controversy against a former client under circumstances in which Rule 1.9(a) would bar the attorney from representing a subsequent client") (citing *Richardson v. Hamilton*, 333 F.Supp. 1049, 1055 (E.D.Pa. 1971); *Greig v. Macy's*, 1 F.Supp. 397, 402; *Pallon v. Roggio*, Nos. 04-3625 (JAP), 06-1068 (FLW), 2006 WL 2466854, *5–*6 (D.N.J. 2006)).

engagement; and 3) Manning's personal business interests conflict with WFM's interests, creating a breach of Manning's continuing duty of loyalty to former client. WFM further claims that the potential conflict of Manning representing an adverse party to Defendant is imputed to Rohn, via Rohn's representation of Manning. WFM relies on the Virgin Islands Rules of Professional Conduct 211.1.9, 211.1.10, and 211.1.16 to argue for Rohn's disqualification.

¶6       Bermudez opposes the Motion, arguing that Manning was never an employee of Rohn or Rohn & Associates, and, therefore, Manning's conflict, to the extent there is one, cannot be imputed to Rohn or Rohn & Associates. Bermudez also contends that Rohn represented Manning in matters unrelated to the WFM matter for which no confidential information was exchanged.

## DISCUSSION

¶7       Attorneys practicing law in the Virgin Islands must comply with the Virgin Islands Rules of Professional Conduct ("Rules"). These Rules govern the conduct of attorneys in and out of court, and are intended to encourage public confidence in the legal bar. The appropriateness of an attorney's conduct is often brought to the Court's attention by a motion for disqualification. The Court has the inherent power and discretion to determine and grant disqualification motions.[2]

¶8       The granting of disqualification is a drastic measure that should only be imposed when absolutely necessary.[3] Motions to disqualify counsel are not favored since they seek to deprive a party of their counsel of choice and may be motivated by tactical concerns.[4] Thus, the party moving for disqualification bears a heavy burden of proving disqualification is warranted.[5] If the movant

---

[2] *Fenster v. DeChabert*, No. SX-16-CV-343, 2017 WL 4969896, at *2 (V.I. Super. Sept. 27, 2017).
[3] *Todman v. Johnson*, 2022 VI SUPER. 56U, ¶ 8 (V.I. Super. June 9, 2022).
[4] *See Hawed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. 2018).
[5] *Id.*

meets this burden and establishes that a substantive violation of the rules of professional conduct

has occurred, doubts are resolved in favor of disqualification.[6]

¶9　Disqualification requires a two-step analysis.[7] The first step is to determine whether there

has been a substantive violation of the Virgin Islands Rules of Professional Conduct. If the Court

finds a substantive violation of the Virgin Islands Rules of Professional Conduct, the Court then

proceeds to the second step of the analysis. This step involves the "balancing of the parties'

interests to determine whether disqualification is appropriate.[8] Here, the Court will review the

purported unethical conduct under the referenced Virgin Islands Rules of Professional Conduct.

### A. Disqualification of Rohn and Rohn & Associates under Virgin Islands Rules of Professional Conduct

¶10　Defendants argue for Rohn's disqualification under Rules 211.1.9, 211.1.10, and 211.1.16

of the Virgin Islands Rules of Professional Conduct. Each rule will be discussed separately.

### 1. **V.I. Rules of Professional Conduct, 211.1.9: Former Client**

¶11　Under Rule 211.1.9, an attorney's duties to his or her clients do not end with the termination

of the attorney-client relationship. Rule 211.1.9 clarifies that there are continuing duties to protect

the client's interests beyond the initial representation. Central to those duties is the protection of

information exchanged between a lawyer and his or her client. Once the attorney-client

relationship is established, almost all other interests become secondary to protecting the client's

communications.

Virgin Islands Rules of Professional Conduct 211.1.9, Duties to Former Clients, provides that:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter
represent another person in the same or a substantially related matter in which that

---

[6] *Todman v. Johnson*, 2022 VI SUPER. 56U, ¶ 17.
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶ 9.

person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client,

(1) Whose interests are materially adverse too that person; and
(2) About whom the lawyer had acquired information protected by Rules 211.1.6 and 211.1.9(c) that is material to the matter unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

 (1) use information relating to the representation to the disadvantage of the former client except s these rules would permit or require with respect to a client, or when the information has become generally known; or
 (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

*VIRPC 211.1.9*

¶12     Central to the application of this rule is the requirement that an attorney not represent a client with materially adverse interests and substantially related conflict(s). Defendant argues that Manning's prior representation by Rohn means that Manning is also materially averse to his former client, WFM, in violation of rule 211.1.9(a). However, this Rule requires that Manning does not represent an adverse client. Despite WFM continually raising the specter of violations or potential sharing of privileged information, WFM glosses over the fact that Manning is not and has not ever worked for Rohn. This is a critical fact in determining whether the disqualification of Manning, Rohn, or Rohn & Associates is proper. Even subsection (c) of rule 211.1.9 provides no avenue to conflict Rohn or Manning since: (1) Manning has not taken on another client with materially adverse interests; (2) Manning is not an employee of Rohn; and (3) Rohn has never represented WFM.

## 2.  Rule 211.1.10: Imputed Conflicts

¶13    Similarly, under Rule 211.1.10, neither Rohn nor Rohn & Associates can be disqualified.

There are circumstances where our courts are willing to impute conflicts of interest to an attorney.

Those circumstances are limited to where the attorney is associated with a firm in which another

associated attorney represented a client. Rule 211.1.10 states:

Imputation of Conflicts of Interest: General Rule

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 211.1.7 or 211.1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers of the firm.

*VIRPC 211.1.10*

¶14    Rule 211.1.10 relates to lawyers "associated in a firm." Manning is not an employee of

Rohn's firm. He is a client. Rule 211.1.10 does not provide for the imputation of knowledge from

clients to attorney. Here, Manning's knowledge as a client cannot be imputed to Rohn since he and

Rohn were never attorneys of the same firm. Cases in which imputation of knowledge occur

involve an association between or among attorneys of the same firm.[9]

### 3.    Rule 211.1.16: Declining or Terminating Representation

¶15    Rule 211.1.16 of the Virgin Islands Rules of Professional Conduct also does not create an

avenue for Rohn's disqualification. Rule 211.1.16 governs the conduct of attorneys when faced

with an ethical violation or violation of law. It states:

a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation was commenced, shall withdraw from the presentation of a client

---

[9] See, *Farrell v. Hess Oil Virgin Islands*, No. SX-04-CV-607, 2012 WL 3536799, 57 VI 50 (Super. Ct. Aug. 6, 2012); see also, *Hamed v. Yusuf*, 69 V.I. 221, 226 (Super. Ct. 2018); *Julita Kishma De Leon v. Law offices of Karin A. Bentz, P.C., Law Offices of Karin A. Bentz 401(K) Profit Sharing Plan, and Karin A. Bentz, in her individual capacity*, 2020 VI SUPER 027U (V.I. Super. Feb. 18, 2020).

if: (1) the representation will result in violation of the Rules of Professional Conduct or other laws.

*VIRPC 211.1.16*

¶16    This Rule imposes upon attorneys the duty to withdraw when it becomes evident that a rule of professional conduct will be violated. Rohn's client was Manning in the Manning-Devlin dispute. Manning represented WFM at some point prior and was not representing another client against WFM. As such, there is no violative conduct by Manning that can be imputed to Rohn and Rohn & Associates from which Rohn would have the duty to withdraw. Additionally, there is no independent violative conduct by Rohn and Rohn & Associates.

### B. Manning's Disqualification

¶17    WFM makes two arguments for Manning's disqualification. First, it argues that an attorney cannot become a plaintiff or "join with other plaintiffs" against a former client of the attorney, citing several federal and state cases. Notwithstanding, WFM has not shown why the federal and state cases relied upon should be adopted in the Virgin Islands. Moreover, under the facts of this case, Manning does not represent a plaintiff against WFM. Manning is a client of Rohn and Rohn & Associates who represent plaintiffs against WFM. This latter fact does not lead to the conclusion that Manning must be sharing confidential information with Rohn. Undeniably, an attorney must keep confidential information from its current and former clients, unless waived.[10] Just because an attorney retains counsel who represents litigants with interests adverse to the interests of the attorney's former client does not mean that confidential information is being shared between the attorney and his counsel. Speculation does not establish an ethical violation.

---

[10]*Fenster v. Dechabert*, No. SX-16-CV-343, 2017 WL 4969896, at *12 (Super. Ct. Sept. 27, 2017).

¶18    Second, WFM argues that its  communications to Manning are privileged, and that privilege has not been waived. WFM cites to *Bifano v. Boarough*, 2017 WL 1493541, *4 (M.D. Pa. 2017) for the position that "once an attorney-client relationship has been established, an attorney's access to privileged information must be conclusively presumed."[11] The suggestion here, although not directly stated, is that Rohn will have access to the attorney-client information between Manning and WFM. The case cited, however, does not support that conclusion. *Bifano v. Boarough* is about a request for a protective order against discovery demands, and a part of that court's determination was whether certain information was privileged.

¶19    WFM also cited *Fallo v. PHH Mortgage Corporation*, 2015 WL 12851917 (D.N.J. 2015). The District Court's ruling not only has no binding effect on this Court, but, more importantly, it is not factually relevant to the circumstances in this case. WFM  cites no case that convinces this Court to extend the referenced ethical rules to disqualify an attorney representing another attorney in a matter unrelated to the attorney-client's former representation with that client.

### C.  Other Arguments for Disqualification

¶20    There are other arguments raised by WFM which the Court will address here. First, WFM argues that any amount of screening by Rohn would not protect it from Mannings and Rohn's ethical violations. The Court has already found that there are no ethical violations by Rohn or Manning. The screening argument presupposes a finding that there are violations. Moreover, screening is a remedy often used where attorneys of the same firm face imputed or direct conflict warranting disqualification, which the court also finds does not apply here.

### D.  Enjoining Rohn from all litigation against WFM

---

[11] See Def.'s Mot. and Incorporated Mem. To Disqualify and or Prelim. and Permanent Inj., at 6 (Oct. 4, 2023).

¶21    The Superior Court must consider four factors in determining whether permanent injunction is proper: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.[12]    These factors must be evaluated under a sliding-scale standard. The sliding scale standard requires the Court to "make findings on each of the four factors and determine whether—when the factors are considered together and weighed against one another—the moving party has made 'a clear showing that [it] is entitled to [injunctive] relief.'"[13]

¶22    Based on the Court's findings above, the Court concludes that WFM does not have a reasonable success on the merits because there are no ethical violations under Rules 211.1.9, 211.1.10, and 211.1.16. There is also no evidence that the movant will be irreparably injured as there is no evidence of an actual violation. The harm that will result to the nonmoving party would be greater, as Rohn and Rohn & Associates will have to withdraw from numerous representations of Plaintiffs against WFM where there is no evidence that confidences have been shared or rules violated. Moreover, there is a strong public interest policy in favor of people being able to select counsel of their choice. This applies to attorneys seeking legal representation. In the absence of a colorable claim of a violation, trampling on one's choice of counsel should be avoided simply based upon speculation. All factors weigh in favor of denying a permanent injunction.

---

[12] *Marco St. Croix, Inc. v. V.I. Hous. Auth.*, 62 V.I. 586, 590 (V.I. 2015) (quoting *Yusuf v. Hamed*, 59 V.I. 841, 847 (V.I. 2013)).
[13] *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 557 (V.I. 2015) (quoting *Yusuf*, 59 V.I. at 847).

## CONCLUSION

¶23    The Court will deny WFM's motion for injunctive relief to enjoin Rohn and Rohn & Associates from representing any clients, present or future, against WFM. Injunctive relief would be an appropriate remedy if there was a finding that Manning, Rohn, or Rohn & Associates in fact violated or appeared to violate the Virgin Islands Rules of Professional Conduct. The contrary is the case. While Manning owes an ethical duty to his former client, there is no evidence that Manning represented another client against WFM or with contrary interests to WFM. Further, there is no evidence that Rohn and Rohn & Associates employed Manning, that the matters in which Rohn represented Manning were substantially related to WFM, nor is there an ethical rule upon which this Court can impute the knowledge of Manning, a client, to Rohn and Rohn & Associates to support a disqualification and preliminary and permanent injunctive relief.

Accordingly, it is hereby,

**ORDERED** that WFM's Motion to Disqualify Rohn and Rohn & Associates and Motion for Injunctive Relief to enjoin Rohn and Rohn & Associates from representing any present and future clients against WFM are **DENIED.**

**DONE AND SO ORDERED** this _18_ day of November 2024.

_____
**HON. YVETTE ROSS-EDWARDS**
**Judge of the Superior Court**

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By: _____
        Deputy Clerk

Date: 11 / 19 / 2024